UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 05-34161-DHW
                                                   Chapter 13
NUELANI C. McQUEEN,

    Debtor.

## ORDER DENYING MOTION FOR ADDITIONAL ATTORNEY FEES

    On November 1, 2005 the debtor's attorney filed a motion requesting additional attorney's fees for his representation of the debtor in this chapter 13 case. Therein, counsel contends that as a result of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)*, the court's July 31, 2003 standing order, holding a chapter 13 debtor's attorney's fee of $1,600 presumptively reasonable, is no longer adequate. Counsel seeks a fee of $2,400 for representing the debtor in this case.

    Historically, this court, through administrative order, has set an amount that it considers presumptively reasonable for debtors' attorney's fees in chapter 13 cases. This approach, although not entirely in keeping with the letter of 11 U.S.C. § 330, has functioned efficiently in chapter 13 cases.

    Even without the gratuitous prompting of counsel here, the court is cognizant of the additional requirements imposed upon debtors and their lawyers by *BAPCPA*. The court is convinced, however, that attorneys' fees in chapter 13 cases are better addressed through standing order and not on a case-by-case approach. Accordingly, it is

    ORDERED that the debtor's attorney's motion for allowance of additional fees is DENIED. Until the court's standing order is reconsidered and changed, counsel may wish to maintain contemporaneous time records of services rendered and make periodic

applications for allowance of those fees.

Done this the 1st day of November, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge


c: Debtor
   Richard D. Shinbaum, Attorney for Debtor
   Curtis C. Reding, Trustee
   Teresa R. Jacobs, Bankruptcy Administrator